170 N.J. Super. 586 (1979)
407 A.2d 849
C.M., PLAINTIFF,
v.
C.C., DEFENDANT.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Cumberland County.
October 2, 1979.
*588 Ms. Darrlyn Mann for plaintiff (Messrs. Tuso, Gruccio, Pepper, Buonadonna, Giovinazzi and Butler, attorneys).
Mr. Philip L. Lipman for defendant (Messrs. Lipman, Antonelli, Batt and Dunlap, attorneys).
KLEINER, J.S.C. (temporarily assigned).
In a prior proceeding between the parties to this litigation it was determined that a known donor of semen, used by an *589 unmarried woman to artificially inseminate herself, was the natural father of the child and was entitled to visitation rights with said child. C.M. v. C.C., 152 N.J. Super. 160 (J.D.R.Ct. 1977). The order entered at the time additionally provided that plaintiff was to provide child support and medical insurance coverage for said child.
Plaintiff has petitioned this court for an order mandatorily requiring defendant to join with plaintiff in executing forms provided by the New Jersey Division of Vital Statistics in order to change the child's birth certificate. Said birth certificate originally designated the father as "unknown." Plaintiff seeks an amendment of this designation to reflect his name without changing the surname of this child.
The novel factual circumstances of this motion raises the question of whether the Juvenile and Domestic Relations Court has jurisdiction to hear and to grant the relief if said relief is deemed appropriate.
It must be noted that subsequent to the entry of the original judgment establishing paternity, visitation and support, the parties have appeared before this court on three separate occasions: successfully on two occasions plaintiff filed motions to enforce litigant's rights resulting from defendant's refusal to comply with the court's original visitation order, and plaintiff moved to partially modify the prior order of support due to a change in plaintiff's employment.
Prior to the filing of this motion plaintiff consulted the local registrar of vital statistics and was advised that signatures of both parents would be necessary to effectuate the birth certificate modification which plaintiff seeks. The registrar, in requiring signatures of both parents for modification, relied upon the administrative policies in Title 8 of N.J.A.C. and upon N.J.S.A. 26:8-53 which states:
The State department or local registrars may refuse to accept corrections or amendments unless supported by adequate documentary evidence presented at the time the request for correction or amendment is made.
*590 Defendant mother refused to cooperate with plaintiff, and on the return day of this motion offered no substantive reason for opposing the birth certificate modification. She, however, contends that this court is without jurisdiction to mandate any change in this registered document.
Plaintiff contends that there are legitimate practical and sociological reasons for this request. Of primary concern to plaintiff is that his child, with whom he now maintains a viable, regular father-son relationship, should be shielded from using in later life a birth certificate which designates his father as "unknown," contrary to the reality of the existent parent-child relationship. Plaintiff further contends that obtaining medical insurance coverage is complicated by the present birth certificate designation and that the certificate itself may be used as prima facie evidence of paternity N.J.S.A. 2A:82-12.
The jurisdictional limitations of the Juvenile and Domestic Relations Court are statutorily defined in N.J.S.A. 2A:4-18 and include jurisdiction over disputes "(a) Involving the domestic relation or the welfare of children...."
Plaintiff's motion is predicated upon a prior proceeding to establish visitation rights and which, as an adjunct, also established paternity. The relief originally granted was within the original jurisdictional limits of this court. N.J.S.A. 2A:4-18(c); N.J.S.A. 9:17-1; R. v. F. 113 N.J. Super. 396 (J.D.R.Ct. 1971).
Unless this court grants the relief sought by plaintiff, he may be limited in seeking the remedial relief requested.
There is no statutory mandate for the correction of a birth certificate subsequent to an adjudication of paternity unless the declared natural father and mother subsequently marry. N.J.S.A. 26:8-40.
The Superior Court, Chancery Division, has equitable power to correct mistakes or rectify fraudulent information contained in a birth certificate or other public record or document. *591 Vanderbilt v. Mitchell, 72 N.J. Eq. 910 (E. & A. 1907); East Newark Realty Corp. v. Dolan, 15 N.J. Super. 288 (App.Div. 1951). However, defendant's failure to list the plaintiff as the father of her child was neither a mistake nor fraudulent on the date of issuance. Prior to this court's original decision, paternity was in fact "unknown" and unrecognized under New Jersey law.
The recognized method of changing this child's birth certificate is statutory. All amendments to birth certificates must be properly signed, dated and witnessed. N.J.S.A. 26:8-48. More specifically:
Corrections to birth and fetal death certificates shall be signed by the person who made the original report or by either of the parents of the child or by any other person having personal knowledge of the matters sought to be corrected which other person shall state such matters on his oath.... [N.J.S.A. 26:8-49]
In view of the above statute, the registrar may have been incorrect in denying plaintiff's application for an amendment. The registrar did rely upon an administrative policy requiring signatures of both when they are not married. Therefore, the registrar's decision may not have been arbitrary capricious and unreasonable and may not be subject to an attack by a proceeding in lieu of prerogative writ. R. 4:69. This, however, does not obfuscate the primary question of the court's jurisdiction and plaintiff's pursuit of judicial relief.
In exercising jurisdiction the Juvenile and Domestic Relations Court is charged with giving paramount consideration to the welfare of children, N.J.S.A. 2A:4-18(a), and must act in the "best interests of children." R. v. F., supra.
The jurisdictional parameters of N.J.S.A. 2A:4-18 should be liberally construed to accomplish its purpose. State v. Monroe, 30 N.J. 160 (1959); D. v. D., 56 N.J. Super. 357 (App.Div. 1959). It is clear that among the purposes of this jurisdictional statute is to take cognizance over the relationship between parent and child, including illegitimate children. N.J.S.A. 2A:4-18; N.J.S.A. 9:16-2; N.J.S.A. 9:17-1; R. 5:5-9.
*592 The relief requested by plaintiff is ancillary to this court's original adjudication of paternity, visitation and child support, and its continuing jurisdiction over the parties to enforce or modify its prior order due to changes of circumstances.
The mandatory relief sought by plaintiff is equitable in nature and is compatible with R. 5:2, which provides:
These rules shall be so construed as to serve the policies of the law to secure the welfare of the child and the community and to provide equitable relief in matters within the jurisdiction of the court involving the domestic relation.
Plaintiff's motivation as set forth above is laudable and is clearly in the child's present and future best interest. Concepts of equity and judicial economy dictate that the jurisdictional limits of this court shall be deemed to include the power to mandatorily require defendant to cooperate with plaintiff in executing those documents deemed necessary by the registrar of vital statistics to alter their child's birth certificate without changing said child's surname.